IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

**HANK CAMPBELL**                                                                                    **PLAINTIFF**

**VS.**                                                            **CIVIL ACTION NO. 3:23-cv-130-HTW-LGI**

**MAKERSTAR CAPITAL, INC.; JEFFREY BELL,**
**IN HIS OFFICIAL CAPACITY AS A REPRESENTATIVE**
**OF MAKERSTAR CAPITAL, INC.**
**AND DOES 1-10**                                                                                  **DEFENDANTS**

---

**FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF**
**MAKERSTAR CAPITAL, INC.**

---

COMES NOW Makerstar Capital, Inc. (hereinafter "Makerstar"), by and through undersigned counsel, and, pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure, files its First Amended Answer and Affirmative Defenses ("First Amended Answer") in response to the Complaint filed against Makerstar by Hank Campbell (hereinafter "Campbell" or "Plaintiff"). Makerstar states as follows:

**ANSWER**

All allegations not expressly admitted in this First Amended Answer are denied. Makerstar's admissions are confined to the exact language in this First Amended Answer, and to the extent that any response varies from the wording of the allegations of the Complaint, those allegations are denied. Makerstar hereby denies all allegations and inferences contained in the headings and subheadings used in Campbell's Complaint. Subject to and without waiving any of the affirmative defenses stated herein and below, Makerstar answers the specific allegations of Campbell's Complaint, paragraph by paragraph, each of the following numbered and unnumbered paragraphs corresponding thereto, as follows:

## PARTIES

1. The allegations in paragraph 1 are not directed at Makerstar and therefore do not require a response from Makerstar. To the extent a response is required, Makerstar lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

2. Makerstar admits that its state of incorporation is Delaware and that its registered agent for service of process is located at 251 Little Falls Drive, Wilmington, Delaware 19808. Makerstar denies the remaining allegations in paragraph 2. All allegations in paragraph 2 not expressly admitted are denied.

3. The allegations in paragraph 3 are not directed at Makerstar and therefore do not require a response from Makerstar. To the extent a response is required, Makerstar lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

## JURISDICTION AND VENUE

4. The allegations in paragraph 4 set forth legal conclusions to which no response is required. To the extent a response is required, Makerstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 4.

5. The allegations in paragraph 5 set forth legal conclusions to which no response is required. To the extent a response is required, Makerstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 5.

## NATURE OF ACTION

6. Makerstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in sentence 1 and therefore denies the same. Sentences 2 through 6 do not contain allegations directed to Makerstar. To the extent a response is required, Makerstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in sentences

2 through 6 and therefore denies the same. In sentences 7 and 8, Makerstar denies that it is in the business of mining cryptocurrency but admits that it utilizes land in the operation of its business. Makerstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in sentence 9 and therefore denies the same. Makerstar denies the allegations in sentence 10. Sentences 11 and 12 do not contain allegations directed to Makerstar. To the extent a response is required, Makerstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in sentences 11 and 12 and therefore denies the same. Makerstar denies the allegations in sentence 13. All allegations in paragraph 6 not expressly admitted are denied.

7.   In sentence 1, Makerstar admits that a purported copy of a document entitled "Finder Fee Agreement" (hereinafter the "Agreement") is attached as Exhibit A to Campbell's Complaint but denies that Makerstar is a party to the alleged Agreement. Makerstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in sentence 2 and therefore denies the same. Concerning sentences 3 through 5, Makerstar states that the content of the Agreement speaks for itself and denies all allegations in sentences 3 through 5 inconsistent therewith and specifically denies that it was a party to the Agreement. Makerstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in sentence 6 and therefore denies the same. All allegations in paragraph 7 not expressly admitted are denied.

8.   Makerstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in sentences 1 and 2 and therefore denies the same. Makerstar denies the allegations in sentence 3. Makerstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in sentences 4 and 5 and therefore denies the same. Makerstar

denies the allegations in sentences 6 and 7. All allegations in paragraph 8 not expressly admitted are denied.

9. Makerstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in sentences 1 and 2 and therefore denies the same. Makerstar denies the allegations in sentences 3 and 4. All allegations in paragraph 9 not expressly admitted are denied.

10. Makerstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in sentences 1 and 2 and therefore denies the same. Concerning sentence 3, Makerstar admits that a purported copy of a letter from David Valentine to Jeffrey Bell is attached as Exhibit B to Campbell's Complaint and that the content of the letter speaks for itself. Concerning sentence 4, Makerstar states that the content of the letter speaks for itself and denies all allegations in paragraph 4 inconsistent therewith. Concerning sentence 5, upon information and belief, Makerstar admits that Bell paid Campbell some amount of money. Makerstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in sentence 6 and therefore denies the same. Makerstar denies the allegations in sentence 7. All allegations in paragraph 10 not expressly admitted are denied.

11. Concerning sentence 1, Makerstar admits that Robert Whitaker of Makerstar had a telephone conversation with Campbell but Makerstar denies having any knowledge of Campbell's and Bell's relationship or alleged arrangement. Makerstar admits that a purported copy of a letter from Campbell's current attorney to Bell is attached as Exhibit C to Campbell's Complaint and the content of the letter speaks for itself. Makerstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in sentence 2 and therefore denies the same. All allegations in paragraph 11 not expressly admitted are denied.

## COUNT I:  BREACH OF CONTRACT

12. Makerstar incorporates by reference its answers to the preceding paragraphs as if fully set forth herein.

13. Concerning sentences 1 and 2, Makerstar denies entering into a written contract with Campbell. Makerstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in sentences 3 and 4 and therefore denies the same. Makerstar denies the allegations in sentences 5 through 10 specifically denying that it entered into any type of agreement with Campbell; that it has made any payment to Campbell; or that it owes Campbell any amount of money whatsoever. All allegations in paragraph 13 not expressly admitted are denied.

14. Denied.

## COUNT II:  DUTY OF FAIR DEALING

15. Makerstar incorporates by reference its answers to the preceding paragraphs as if fully set forth herein.

16. Denied, including subparagraphs (a) through (d).

## COUNT III:  INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AND HARM

17. Makerstar incorporates by reference its answers to the preceding paragraphs as if fully set forth herein.

18. Denied.

## COUNT IV:  FRAUD

19. Makerstar incorporates by reference its answers to the preceding paragraphs as if fully set forth herein.

20. Denied.

21. Denied.

22. Denied.

23. Denied, including subparagraph (a).

24. Denied.

## COUNT V: LOST OF INCOME

25. Denied.

26. Denied.

## ATTORNEY'S FEES

27. Denied.

## DEMAND FOR JUDGMENT

28. Denied. Makerstar denies that Campbell is entitled to the relief requested or to any relief whatsoever from Makerstar. Makerstar further denies that it is responsible for the damages alleged by Campbell in its Complaint. All allegations in Campbell's Complaint not expressly admitted herein are denied.

29. Makerstar demands a trial by jury.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Campbell's Complaint fails to state a cause of action against Makerstar for which relief could be granted. Therefore, the claims against Makerstar should be dismissed pursuant to Mississippi Rule of Civil Procedure 12(b)(6).

### SECOND AFFIRMATIVE DEFENSE

Campbell's claims against Makerstar are barred because Campbell and Makerstar did not have a valid, enforceable contract.

### THIRD AFFIRMATIVE DEFENSE

If Campbell and Makerstar had a valid and enforceable contract, which Makerstar denies, Campbell's claims against Makerstar are barred by the terms and conditions of the contract between Campbell and Makerstar.

### FOURTH AFFIRMATIVE DEFENSE

Campbell's claims against Makerstar are barred by Campbell's own negligence and comparative fault.

### FIFTH AFFIRMATIVE DEFENSE

Campbell's claims for relief are barred by the fact that Campbell's alleged damages were caused by other parties for whom Makerstar is not responsible.

### SIXTH AFFIRMATIVE DEFENSE

Campbell's claims against Makerstar are barred by the defenses of contributory negligence and comparative fault.

### SEVENTH AFFIRMATIVE DEFENSE

Campbell's claims against Makerstar are barred by the defenses of contribution, indemnity, waiver and estoppel, release, payment, and accord and satisfaction.

### EIGHTH AFFIRMATIVE DEFENSE

Campbell's claims against Makerstar are barred by the doctrine of unclean hands.

### NINTH AFFIRMATIVE DEFENSE

Campbell's claims against Makerstar are barred because Makerstar did not breach any legal duty allegedly owing to Campbell, did not breach any alleged contractual obligation, has at all times complied with the applicable standards of care, and did not commit nor is it responsible for any act which proximately caused or contributed to any damages or harm to Campbell.

### TENTH AFFIRMATIVE DEFENSE

Campbell's claims against Makerstar must be dismissed because Campbell is estopped by his own conduct and the conduct of other parties for whom Makerstar is not responsible, from bringing claims against Makerstar in this action.

### ELEVENTH AFFIRMATIVE DEFENSE

Campbell's claims against Makerstar are barred by the doctrine of common law indemnity and contractual indemnity.

### TWELFTH AFFIRMATIVE DEFENSE

Campbell's claims against Makerstar are barred because Campbell failed to give timely notice of the occurrence of events which allegedly gave rise to Campbell's claims for damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

Campbell's claims are barred by Campbell's failure to mitigate its alleged damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

Campbell's claims against Makerstar are barred in whole, or in part, by the economic loss doctrine.

### FIFTEENTH AFFIRMATIVE DEFENSE

Campbell's claims against Makerstar are barred because Campbell has failed to allege damages and/or special damages, if any, with the requisite particularity.

### SIXTEENTH AFFIRMATIVE DEFENSE

Campbell has no cause of action for, and is not entitled to recovery of, any of its attorneys' fees from Makerstar.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Campbell's claims against Makerstar for punitive damages are barred: (a) By the Eighth Amendment to the United States Constitution and Section 28 of the Mississippi Constitution; (b) By the Fifth and Fourteenth Amendments to the United States Constitution prohibiting substantive and procedural due process violations; as well as by Section 14 of the Mississippi Constitution; (c) By the Fourteenth Amendment to the United States Constitution guaranteeing equal protection under the laws; (d) By the Fourth, Fifth, Sixth and Eighth Amendments to the United States Constitution and Sections 14, 17, 26, and 28 of the Mississippi Constitution to the extent such sanctions are attempted to be imposed without requiring the burden of proof to be beyond a reasonable doubt; (e) By the provisions of MISS. CODE ANN. § 11-1-65; and (f) By the holdings of *United States Supreme Court in BMW v. Gore*, 517 U.S. 559 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), and *State Farm v. Campbell*, 538 U.S. 408 (2003). Moreover, Campbell's Complaint fails to state a claim against Makerstar upon which relief can be granted for punitive damages, Campbell cannot prove the facts necessary under applicable law to substantiate an award of punitive damages, and therefore Makerstar affirmatively denies that it is liable to Campbell for punitive damages.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

As discovery has not been completed in this matter, Makerstar affirmatively pleads all defenses available under Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure, including but not limited to assumption of risk, failure of consideration, failure to give full and proper notice, fraud, illegality, injury by fellow servant, laches, license, res judicata, statute of frauds, statutes of limitation and repose, and any other matter constituting an avoidance or affirmative defense.

## NINETEENTH AFFIRMATIVE DEFENSE

Makerstar reserves the right to assert, and hereby gives notice that it intends to rely upon, any other defense that may become available or appear during discovery proceedings or otherwise in this case and hereby reserves the right to amend this First Amended Answer to assert such defenses.

AND NOW, having fully answered each and every allegation of the Complaint filed against it, Makerstar respectfully requests that this Court dismiss Campbell's claims against Makerstar with prejudice, taxing all costs against Campbell. Makerstar also prays for such other and further relief as this Court deems just and proper.

Dated: April 26, 2023.

**MAKERSTAR CAPITAL, INC.**

By: */s/ Alston F. Ludwig*
Alston F. Ludwig, One of Its Attorneys

**OF COUNSEL:**

John E. Wade, MSB No. 6850
jwade@brunini.com
Alston F. Ludwig, MSB No. 103241
aludwig@brunini.com
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
190 East Capitol Street, Suite 100
Jackson, Mississippi 39201
Post Office Drawer 119 (39205)
Telephone: (601) 948-3101
Telecopier: (601) 960-6902

## CERTIFICATE OF SERVICE

      I hereby certify that I have this day caused to be electronically filed the foregoing pleading or other paper with the Clerk of the Court using the MEC system which sent notification of such filing all counsel of record.

      DATED: April 26, 2023.

                                        */s/ Alston F. Ludwig*
                                        Alston F. Ludwig